UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KENNETH HAYES,                                         04-CV-0158E(Sr)

                              Plaintiff,

                                                        MEMORANDUM

          -vs-                                              and

NIAGARA MOHAWK POWER CORPORATION,                      ORDER[1]

                              Defendant.

_____


Plaintiff Kenneth Hayes filed the Complaint in this action on March 10, 2004

alleging that defendants NRG Dunkirk Operations, Inc. ("NRG")[2] and Niagara

Mohawk Power Corporation ("Niagara Mohawk") discriminated and/or retaliated

against him for his filing of a race discrimination complaint against Niagara

Mohawk.  Plaintiff's Complaint alleges causes of action under Title VII of the Civil

Rights Act, 42 U.S.C. §2000-e, under 42 U.S.C. §1983 and under 42 U.S.C. §1985(2).

Pending before the Court is defendant Niagara Mohawk's Motion for Summary

Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCvP").[3]

_____

[1] This decision may be cited in whole or in any part.

[2] NRG was dismissed from the action by Order dated April 5, 2005.  Niagara Mohawk is
the only remaining defendant.

[3] As an alternative to summary judgment, Niagara Mohawk also seeks to dismiss the
Complaint in light of Plaintiff's failure to respond to discovery demands and failure to submit to
a deposition.  The Court will first consider Niagara Mohawk's summary judgment argument.

After obtaining new counsel[4], Plaintiff filed an opposition to the Motion and the Court heard oral argument on August 4, 2006.

FRCvP 56(c) states that summary judgment may be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Goenaga* v. *March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (internal citation omitted).  If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment motion.  *Ibid.*  In other words, after discovery and upon a motion, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).

Not every factual dispute will preclude summary judgment, however.  Summary judgment is appropriate where there is "no *genuine* issue of *material* fact."  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue

---

[4] On February 9, 2006 the Court granted Plaintiff's counsel's motion to withdraw from the action for medical reasons.

of material fact exists if the evidence in the record "is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid.* Stated another way, there is "no genuine issue as to any material fact" where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex*, at 323. Additionally, the disputed fact must be material, which is to say that it "might affect the outcome of the suit under the governing law." *Anderson*, at 248.

Finally, "[i]n assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *St. Pierre* v. *Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (*citing Anderson*, at 255). Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment. *See Goenaga*, at 18.

Niagara Mohawk argues that Plaintiff's Complaint fails to state a claim against it and, therefore, it is entitled to summary judgment. Niagara Mohawk argues and Plaintiff does not dispute that in 2002 Plaintiff filed an administrative charge of discrimination against former defendant NRG alleging only misconduct committed by NRG. The administrative charge was not filed as against Niagara Mohawk.

While a plaintiff's failure to exhaust administrative remedies by filing a charge with the EEOC is a waivable precondition to a suit and is not a jurisdictional bar, *see Francis* v. *City of New York*, 235 F.3d 763, 767 (2d Cir. 2000), Niagara Mohawk has not waived its defense in the instant case.   Niagara Mohawk asserted the insufficiency of the administrative charge in its Answer to the Complaint.  As Plaintiff failed to file an administrative charge of discrimination and/or retaliation against Niagara Mohawk, his Title VII claim must be dismissed on this basis.  42 U.S.C. §2000-e(5).

Plaintiff also alleges that Niagara Mohawk is liable to him under 42 U.S.C. §1983.  That section provides, however :

> "Every person who, *under color of any statute, ordinance, regulation, custom or usage, of any State or Territory* *** subjects, or causes to be subjected, any citizen of the United States *** to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ***."

42 U.S.C. §1983.  Plaintiff has not alleged that Niagara Mohawk is a state actor. Accordingly, Niagara Mohawk cannot be liable to Plaintiff under §1983 and the claim must be dismissed.

Finally, Plaintiff's Complaint also alleges that Niagara Mohawk conspired to deprive him of his civil rights in violation of 42 U.S.C. §1985(2).  Subsection 2 of §1985 provides a civil cause of action for damages against persons who conspire to interfere with any party, witness or juror in any matter pending in a court of the

- 4 -

United States, or who conspire to interfere with the "due course of justice in any State or Territory" for the purpose of impeding the rights of another person. 42 U.S.C. §1985(2).

At oral argument, Plaintiff's counsel conceded that such claim cannot stand and represented that such claim is not being pursued. In light of Plaintiff's concession and the total absence of any allegation pertinent to the provisions of §1985(2), that claim is likewise dismissed.

Accordingly, it is **ORDERED** that Niagara Mohawk's Motion for Summary Judgment is granted in its entirety. The Clerk of the Court is directed to take all steps necessary to close the case.

DATED:     Buffalo, N.Y.

August 9, 2006

_____/s/ John T. Elfvin_____
JOHN T. ELFVIN
S.U.S.D.J.